UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GITAPUSHY VAL ANGEL | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-10512-JCB |
| CITY OF CAMBRIDGE, et al., | ) ) ) | |
| Defendants. | ) ) | |

REPORT AND RECOMMENDATION AND ORDER FOR REASSIGNMENT
June 12, 2023

Boal, M.J.

Pro se plaintiff Gitapushy Val Angel filed a complaint and an application to proceed in forma pauperis. Docket Nos. 1, 2. On May 5, 2023, this Court granted Angel's application and after a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2), I found that the complaint failed to state a claim upon which relief may be granted. Docket No. 4. I advised Angel that if he wished to proceed with this action, he would need to file an amended complaint within twenty-eight days, and that failure to do so could result in dismissal of the action. Id.

On May 26, 2023, the envelope with this Court's May 5, 2023 order was returned to the Court as undeliverable. Docket No. 5. It appears that Angel is no longer at the address he initially provided, and he has not informed the Court of his new address as required pursuant to the Local Rules. See L.R. 83.5.5(h) (requiring pro se litigants to inform the clerk of any change of address within fourteen days of the change). In addition, Angel has not responded to this Court's order, and the time to do so has expired.

It is a long-established principle that the court has the authority to dismiss an action <u>sua sponte</u> for a party's failure to prosecute and to follow the court's orders.  Rule 41(b) of the Federal Rules of Civil Procedure expressly authorizes a district court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ."  Fed. R. Civ. P. 41(b).  Accordingly, this Court orders that this case be reassigned to a District Judge.  This Court recommends that the District Judge to whom this case is reassigned dismiss the case for failure to (1) comply with the May 5, 2023 order; (2) prosecute; and (3) to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

<u>NOTICE OF RIGHT TO OBJECT</u>

Plaintiff is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections.  Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  See <u>Keating v. Secretary of Health and Human Services</u>, 848 F.2d 271 (1st Cir. 1988); <u>United States v. Emiliano Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-379 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

  /s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge